Civil Action Cover Sheet - Case Initiation (05/27/16) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Jyran Mitchell,

v.

Village of Matteson, a municipal corporation, et al.,

No. 2018L011501

FILED
10/23/2018 12:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L011501

(FILE STAMP)

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☑ Yes ☐ No

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☑ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☑ 099 All Other Extraordinary Remedies

By: _(signature)_ (Attorney) _(signature)_ (Pro Se)

**COMMERCIAL LITIGATION**
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action (Please specify below.**)
- ☐ 075 Other Commercial Litigation (Please specify below.**)
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____

Primary Email: hendersonadam@hendersonadam.com

Secondary Email: bkantor@henderson-parks.com

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

**EXHIBIT A**

**12-Person Jury**

FILED
10/23/2018 12:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L011501

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JYRAN MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF MATTESON, a municipal Corporation, and MATTESON POLICE OFFICER DOMINIC BATES, in his Individual capacity, and as employee of VILLAGE OF MATTESON; ILLINOIS STATE TROOPER MATTHEW DUMAIS, in his individual capacity; and ILLINOIS STATE TROOPER EDUARDO REYES, in his individual capacity, | ) ) ) ) ) ) ) ) ) ) | No. **2018L011501**<br><br>**Jury Trial Demanded** |
| Defendants. | ) | |

## COMPLAINT AT LAW

Plaintiff, JYRAN MITCHELL, by and through his attorneys, and in complaining of the Defendants, VILLAGE OF MATTESON, a municipal corporation, and MATTESON POLICE OFFICER DOMINIC BATES, in his individual capacity, and as employee of VILLAGE OF MATTESON; ILLINOIS STATE TROOPER MATTHEW DUMAIS, in his individual capacity, and as employee of the State of Illinois; and ILLINOIS STATE TROOPER EDUARDO REYES, in his individual capacity, and as employee of the State of Illinois; state the following:

## INTRODUCTION

1. This is an action brought by Plaintiff JYRAN MITCHELL, who at the time of the incident was a senior at Rich Central High School with a 4.0 grade point average, and a varsity athlete who competed in basketball, track and field, and football.

FILED DATE: 10/23/2018 12:58 PM 2018L011501

2. On February 2, 2018, Defendant officers and troopers went to Jyran's house, terrorized his grandmother, falsely accused Jyran of fleeing a traffic stop, and then took him into custody by violently and unnecessarily assaulting him, resulting in severe injuries, including a torn meniscus in his knee that had to be surgically repaired.

3. Jyran and his grandmother's pleas that the officers had the wrong suspect were ignored by the officers despite the fact that the vehicle that had allegedly fled the traffic stop was listed as a Jaguar, and the only car in the Mitchell family driveway was a Chevrolet.

4. In furtherance of their misconduct, the Defendants chose to *fabricate* police reports and omit key facts.

5. The Defendants' reckless, abusive, and unconstitutional actions have had profound consequences for Jyran, who has accepted a scholarship to play football for the Northern Illinois University Huskies, and aspires to a professional football career.

## JURISDICTION AND VENUE

6. This Court has jurisdiction in this matter pursuant to section 2-209 of the Illinois Code of Civil Procedure because the facts and circumstances giving rise to the allegations are substantially connected with Illinois.

7. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 because the events giving rise to this case took place in Cook County.

## PARTIES

8. At all relevant times, Plaintiff, JYRAN MITCHELL (hereinafter "Jyran"), was a resident of the VILLAGE OF MATTESON, County of Cook, State of Illinois, and a citizen of the State of Illinois.

9. Defendant VILLAGE OF MATTESON is a municipal corporation organized, existing and doing business under the laws of the State of Illinois, and at all relevant times provided police services in the VILLAGE OF MATTESON through the Matteson Police Department.

10. At all relevant times, including on or about February 2, 2018, the Defendant, VILLAGE OF MATTESON, employed a force of police officers who served through the Matteson Police Department and who were assigned to work within various geographical areas within the VILLAGE OF MATTESON.

11. Police officer Defendant DOMINIC BATES, Badge No. 216, was at all relevant times, a sworn police officer employed by Defendant VILLAGE OF MATTESON and was acting within the scope of his agency, service and or employment with the VILLAGE OF MATTESON, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

12. Illinois State Trooper Defendant MATTHEW DUMAIS, Star No. 6459, is upon information and belief, a resident of Cook County, and was at all relevant times, a sworn law enforcement officer employed by the Illinois State Police, and was acting within the scope of his agency, service and or employment, under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

FILED DATE: 10/23/2018 12:58 PM 2018L011501

13. Illinois State Trooper Defendant EDUARDO REYES, Star No. 5893, is upon information and belief, a resident of Cook County, and was at all relevant times, a sworn law enforcement officer employed by the Illinois State Police, and was acting within the scope of his agency, service and or employment, under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois

## FACTS

14. On or about February 2, 2018, Defendant BATES received a message regarding a black 2013 *Jaguar* that had allegedly fled a traffic stop conducted by the Illinois State Police.

15. According to the message Defendant BATES received, the 2013 Jaguar was registered to Shawn Mitchell, with an address of 612 Goldenrod Circle, in Matteson.

16. Defendant BATES was dispatched to that address.

17. On February 2, 2018, Defendant BATES arrived at 612 Goldenrod Circle, and met Defendant DUMAIS, which was the home of Jyran Mitchell, his parents, Shawn and Cherryl, his brothers, including Shawn Jr., and his grandmother, Carolyn.

18. Defendant BATES only observed a *Chevrolet* Malibu in the driveway.

19. Despite the fact that the original call had been for a Jaguar, Defendant DUMAIS advised Defendant BATES that the Chevrolet Malibu was the vehicle that fled the traffic stop.

20. At the time the officers arrived, Jyran Mitchell was at home. Jyran heard his grandmother call upstairs to ask him why the police were outside.

4

21. Jyran looked out the window and saw observed officers inspecting the Chevrolet Malibu.

22. When he went downstairs, Jyran observed Defendant DUMAIS yelling at his grandmother about "Shawn." Jyran's grandmother insisted that Shawn Jr. was not at home.

23. The officer then pointed at Jyran, who was in the doorway, and informed Ms. Mitchell that "you don't know what your grandson just did…You think he's an angel, he just ran from the police…Why do you think we're here?"

24. Jyran left the doorway to get his grandmother to bring her inside the house.

25. As soon as he was outside, Defendant DUMAIS grabbed his left arm to handcuff him, and Defendant REYES grabbed his right arm. One of the officers pulled his shoulder back to get him handcuffed.

26. After the officers handcuffed Jyran, they attempted to take him down by pushing his face into the ground. Defendant BATES then violently kicked the side of Jyran's knee, which buckled.

27. After getting Jyran down, the Defendants pulled Jyran up and took him to one of the State trooper's vehicles. As they were going to the vehicle, Jyran begged the officers to look at his car, which was a Malibu.

28. After getting into the car, Defendant DUMAIS entered information into a laptop and then realized that Jyran was not the person who had fled the traffic stop.

29. Defendant DUMAIS then yanked Jyran out of the car and uncuffed him.

5

30. After the incident, Defendant BATES intentionally authored a *false* police report, intentionally omitting the facts of the officers' physical assault of Jyran, and falsely claiming that Jyran's grandmother called Jyran "Shawn".

31. After the incident, Defendant DUMAIS also authored a *false* police report, intentionally omitting the facts of the officers' physical assault of Jyran.

32. As a result of the Defendants' misconduct, Jyran suffered a torn meniscus in his knee, which required surgery.

33. Jyran missed the final two months of his senior basketball season, and missed the entire track and field season, during which he had hoped to help defend his school's State title in the 4 x 100 relay.

34. Given the extent of Jyran's injuries, and the length of his rehabilitation, he was forced to begin his collegiate football career as a "red shirt", meaning that he was ineligible to play in certain games.

35. The injury, which has not yet fully healed, will also affect Jyran's prospects for a professional football career.

36. The Defendants acted in concert to deprive Plaintiff of his legal rights.

## COUNT I – STATE LAW CLAIM
### FALSE ARREST
### VILLAGE OF MATTESON, BATES
**(Individually and as an Employee of the VILLAGE OF MATTESON)**

37. Each paragraph of this Complaint is incorporated as if restated fully herein.

38. There was no probable cause to support JYRAN MITCHELL's seizure.

6

FILED DATE: 10/23/2018 12:58 PM 2018L011501

39. Despite the lack of probable cause, Defendant VILLAGE OF MATTESON, by and through its employee, Defendant BATES, as well as Defendants DUMAIS and REYES, in their individual capacities, seized Jyran and took him into custody.

40. As a direct and proximate cause of Defendants' conduct, Jyran suffered severe pecuniary damages, including severe physical and emotional pain and suffering, humiliation, loss of liberty, loss of normal life, impairment of future employment, medical expenses, lost income, mental anguish, and emotional distress and damage.

WHEREFORE, the Plaintiff, JYRAN MITCHELL, prays for judgment against the Defendant, VILLAGE OF MATTESON, and Defendant Officer DOMINIC BATES, in a fair and reasonable amount including punitive damages, for reasonable attorney's fees and costs, and any additional relief this Court deems just and proper.

## COUNT II – STATE LAW CLAIM
## FALSE ARREST
## DUMAIS, REYES
### (Individually and as Employees of the State of Illinois)

41. Each paragraph of this Complaint is incorporated as if restated fully herein.

42. There was no probable cause to support JYRAN MITCHELL's seizure.

43. Despite the lack of probable cause, Defendants DUMAIS and REYES, in their individual capacities and as employees of the State of Illinois, seized Jyran and took him into custody.

44. As a direct and proximate cause of Defendants' conduct, Jyran suffered severe pecuniary damages, including severe physical and emotional pain and suffering, humiliation, loss of liberty, loss of normal life, impairment of future employment, medical expenses, lost income, mental anguish, and emotional distress and damage.

7

FILED DATE: 10/23/2018 12:58 PM 2018L011501

45. Any judgment against Defendants DUMAIS and REYES shall be indemnified by the State of Illinois, pursuant to the doctrine of *respondeat superior*, in that Defendants DUMAIS and REYES performed the actions complained of while on duty and in the employ of the State of Illinois, and while acting within the scope of this employment.

WHEREFORE, the Plaintiff, JYRAN MITCHELL, prays for judgment against Defendant Officers MATTHEW DUMAIS and EDUARDO REYES, in a fair and reasonable amount including punitive damages, for reasonable attorney's fees and costs, and any additional relief this Court deems just and proper.

### COUNT III – STATE LAW CLAIM
### CONSPIRACY
### DUMAIS, REYES, and BATES

46. Each paragraph of this Complaint is incorporated as if restated fully herein.

47. In agreeing to seize JYRAN MITCHELL without probable cause, Defendant Officers acted in concert with each other to intentionally deprive Plaintiff of his Constitutional rights under color of law.

48. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff.

49. As a direct and proximate cause of the above-described wrongful infringement of Plaintiff's rights, JYRAN MITCHELL has suffered severe pecuniary damages, including severe physical and emotional pain and suffering, humiliation, loss of liberty, loss of normal life, impairment of future employment, medical expenses, lost income, mental anguish, and emotional distress and damage.

WHEREFORE, the Plaintiff, JYRAN MITCHELL, prays for judgment against the individual Defendant Police Officers MATTHEW DUMAIS, EDUARDO REYES, and DOMINIC BATES, jointly and severally, in a fair and reasonable amount including compensatory damages, punitive damages, for reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

### COUNT IV – STATE LAW CLAIM
### BATTERY
### VILLAGE OF MATTESON, BATES, DUMAIS, and REYES

50. Each paragraph of this Complaint is incorporated as if restated fully herein.

51. By the actions detailed above, and by participating in the above-described conspiracy, the police officer Defendants intentionally made offensive bodily contact against JYRAN MITCHELL, and inflicted bodily harm to him.

52. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants acted with the intent of inflicting physical harm to plaintiff. Plaintiff was physically harmed.

53. As a direct and proximate cause of the battery, JYRAN MITCHELL was injured, including but not limited to physical injuries, and severe pecuniary damages, including severe physical and emotional pain and suffering, humiliation, loss of liberty, loss of normal life, impairment of future employment, medical expenses, lost income, mental anguish, and emotional distress and damage.

54. The VILLAGE OF MATTESON is sued in this Count pursuant to the doctrine of *respondeat superior,* in that Defendant BATES performed the actions complained

9

of while on duty and in the employ of defendant VILLAGE OF MATTESON, and while acting within the scope of this employment.

55. Any judgment against Defendants DUMAIS and REYES shall be indemnified by the State of Illinois, pursuant to the doctrine of *respondeat superior*, in that Defendants DUMAIS and REYES performed the actions complained of while on duty and in the employ of the State of Illinois, and while acting within the scope of this employment.

WHEREFORE, the Plaintiff, JYRAN MITCHELL, prays for judgment against the Defendant, VILLAGE OF MATTESON, and Defendant Police Officers MATTHEW DUMAIS, EDUARDO REYES, and DOMINIC BATES, in a fair and reasonable amount including compensatory and punitive damages, for reasonable attorney's fees and costs, and any additional relief this Court deems just and proper.

### COUNT V- STATE LAW CLAIM
### INDEMNIFICATION
### VILLAGE OF MATTESON

56. Each paragraph of this Complaint is incorporated as if restated fully herein.

57. Defendant VILLAGE OF MATTESON is the employer of Defendant BATES.

58. Defendant BATES committed the acts alleged above under color of law and in the scope of his employment as employee of the VILLAGE OF MATTESON.

59. Illinois law (745 ILCS § 10/9-102) provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

FILED DATE: 10/23/2018 12:58 PM 2018L011501

WHEREFORE, should Defendant BATES be found liable on one or more of the claims set forth above, the Plaintiff, JYRAN MITCHELL, demands that, pursuant to 745 ILCS 10/9-102, the Defendant VILLAGE OF MATTESON be found liable for any judgment plaintiff obtains against said defendants, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

**DATED:** October 23, 2018

Respectfully submitted,

By: /s/ Melvin L. Brooks
One of the Attorneys for Plaintiff

Melvin L. Brooks
Victor P. Henderson
Breanna N. Kantor
**THE COCHRAN FIRM CHICAGO**
140 South Dearborn Street, Suite 1020
Chicago, Illinois 60603
(312) 262-2880
Firm I.D. No. 62288