FILED DATE: 1/16/2020 3:12 PM   2018L011501

FILED DATE: 1/29/2020 11:28 AM   2018L011501

FILED
1/29/2020 11:28 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L011501
8266901

**IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JYRAN MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2018 L 11501 |
| | ) | |
| VILLAGE OF MATTESON, | ) | |
| OFFICER DOMINIC BATES, | ) | |
| TROOPER MATTHEW DUMAIS, | ) | |
| in his individual capacity; and | ) | **Jury Trial Demanded** |
| TROOPER EDUARDO REYES, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

Plaintiff, Jyran Mitchell, for his complaint against Defendants, Village of Matteson, Officer Dominic Bates, Trooper Matthew Dumais, in his individual capacity; and Trooper Eduardo Reyes, in his individual capacity, alleges as follows:

### Introduction

1.     On February 2, 2018, Jyran Mitchell was at home with his grandmother when Defendants Bates, Dumais, and Reyes, lured Jyran outside the doorway of his home and attacked and seized Jyran.

2.     Defendants Bates, Dumais, and Reyes arrived at Jyran's home looking for a 2013 black Jaguar, and the only car in the driveway was a 2017 Chevy Malibu.

3.     Defendants Bates, Dumais, and Reyes wanted to talk with Shawn Mitchell, who was not at home.

**EXHIBIT D**

FILED DATE: 1/29/2020 3:28 PM    2018L011501

4.      Defendants Bates, Dumais, and Reyes, however, acting without authority or legal basis decided to detain any young African-American that they encountered.

5.      Defendants Bates, Dumais, and Reyes assaulted Jyran by luring him outside, grabbing and throwing him to the ground, and by kicking out his leg, resulting in severe injuries, including a torn meniscus in his knee that had to be surgically repaired.

6.      At the time of the incident, Jyran was a senior at Rich Central High School with a 4.0 grade point average, and a varsity athlete who competed in basketball, track and field, and football.

7.      Defendants' reckless, abusive, and malicious actions yielded profound consequences for Jyran, whose options to play football at the college level (and professionally in the future) is limited due to the injuries caused by Defendants.

### Jurisdiction and Venue

8.      This Court has jurisdiction in this matter pursuant to section 2-209 of the Illinois Code of Civil Procedure because the facts and circumstances giving rise to the allegations are substantially connected with Illinois.

9.      Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 because the events giving rise to this case took place in Cook County.

- 2 -

FILED DATE: 1/29/2020 3:28 PM 2018L011501

**Parties**

10.    At all relevant times, Plaintiff Jyran Mitchell was a resident of the Village of Matteson, County of Cook, State of Illinois, and a citizen of the State of Illinois.

11.    Defendant Village of Matteson is a municipal corporation organized, existing and doing business under the laws of the State of Illinois, and at all relevant times provided police services in the Village of Matteson through the Matteson Police Department.

12.    At all relevant times, including on or about February 2, 2018, the Defendant, Village of Matteson, employed a force of police officers who served through the Matteson Police Department and who were assigned to work within various geographical areas within the Village of Matteson.

13.    Defendant Dominic Bates, Badge No. 216, was a sworn police officer employed by Defendant Village of Matteson and may have been acting within the scope of his agency, service, or employment with the Village of Matteson.

14.    Defendant Matthew Dumais, is upon information and belief, a resident of Cook County, and was employed by the Illinois State Police.

15.    Defendant Eduardo Reyes, is upon information and belief, a resident of Cook County, and was employed by the Illinois State Police.

FILED DATE: 1/29/2020 03:28 PM    2018L011501

## Facts

16. On or about February 2, 2018, Defendant Dumais was driving on I-294 highway when he pulled over a black 2013 Jaguar.

17. The windows of the Jaguar were tinted and Defendant Dumais could not see into the vehicle or who was driving the vehicle.

18. After the black 2013 Jaguar pulled to the side of road, and Defendant Dumais exited his vehicle, the black 2013 Jaguar pulled away.

19. Defendant Dumais returned to his vehicle but lost sight of the black 2013 Jaguar.

20. Defendant Dumais was irritated and angry that the black 2013 Jaguar had escaped.

21. Defendant Dumais had the plates from the black 2013 Jaguar and knew that the vehicle was registered to Shawn Mitchell, and to the address of 612 Goldenrod Circle, in Matteson.

22. Defendant Dumais had access to the Secretary of State's drivers license database and was able to see a picture of Shawn Mitchell.

23. Defendant Dumais decided to proceed to 612 Goldenrod Circle, in Matteson to find the black 2013 Jaguar.

24. On or about February 2, 2018, Defendant Bates received a message that a black 2013 Jaguar registered to Shawn Mitchell had allegedly fled a traffic stop.

FILED DATE: 1/29/2020 3:28 PM   2018L011501

25.     Defendant Bates was informed that the 2013 black Jaguar was registered to Shawn Mitchell, and to the address of 612 Goldenrod Circle, in Matteson.

26.     Defendant Bates likewise had access to the Secretary of State's drivers' license database and was able to see a picture of Shawn Mitchell.

27.     Defendant Bates went to 612 Goldenrod Circle in Matteson to look for the 2013 black Jaguar with identified plates.

28.     Upon arrival, Defendants observed that 612 Goldenrod Circle is a family home in a residential neighborhood.

29.     Defendant Bates arrived at 612 Goldenrod Circle, and met Defendant Dumais and, Defendant Reyes arrived later.

30.     Defendants observed only a 2017 Chevrolet Malibu, with a different plate number, in the driveway at 612 Goldenrod Circle in Matteson.

31.     While at 612 Goldenrod Circle in Matteson, Defendants had access to the police computer systems in their vehicles and either could have or did actually run the plates on the 2017 Chevrolet Malibu, which confirmed that the vehicle was different from the 2013 black Jaguar.

32.     While at 612 Goldenrod Circle in Matteson, Defendants had access to the Secretary of State's drivers' license database and was able to see a picture of the registered owner of the 2017 Chevrolet Malibu, Jyran Mitchell, who the Defendants could see is a different person than Shawn Mitchell.

FILED DATE: 1/29/2020 3:28 PM 2018L011501

33. Defendants did not see the 2013 black Jaguar with the identified plates at 612 Goldenrod Circle in Matteson.

34. While at 612 Goldenrod Circle, Defendants, upon information and belief, had a discussion about how to proceed and shared information that the vehicle they were looking for was not present.

35. Defendants were inpatient, and despite not observing the black 2013 Jaguar, decided to go to the house at 612 Goldenrod Circle in Matteson.

36. Jyran Mitchell resided at 612 Goldenrod Circle along with his parents, Shawn and Cherryl, his brothers, including Shawn Jr., and, at that time, his grandmother, Carolyn Mitchell.

37. Jyran and his family members are African-American.

38. Defendants proceeded to either knock on the door or ring the bell at 612 Goldenrod Circle in Matteson.

39. Carolyn Mitchell answered the door, after having observed the Defendants and their vehicles arrive in the cul-du-sac.

40. Carolyn Mitchell spoke to the officers, and informed the Defendants that Shawn Mitchell was not at home.

41. At some point, Jyran Mitchell came down from upstairs and was with his grandmother at the door.

42. Jryan Mitchell likewise informed the Defendants that Shawn Mitchell was not at home, and stated that he was not Shawn Mitchell.

- 6 -

FILED DATE: 1/29/2020 3:28 PM    2018L011501

43.    Defendants were informed and were aware that Jyran Mitchell was not Shawn Mitchell and was not the driver of the black 2013 Jaguar, which was not at the residence.

44.    Defendants, however, decided to lure Jyran Mitchell outside and assault him.

45.    Defendants repeatedly asked Jyran Mitchell if "that was his car," pointing to the 2017 Chevrolet Malibu in the driveway, without actually describing the car.

46.    The cars the driveway at 612 Goldenrod Circle were not observable from the doorway and viewing the cars required Jyran Mitchell to step outside.

47.    Defendants, knowing Jyran Mitchell could not see the driveway without stepping outside, continued to ask Jryan Mitchell if "that was his car," pointing to the 2017 Chevrolet Malibu in the driveway, without actually describing the car.

48.    Jryan Mitchell, having done nothing wrong and who was simply sitting at home, did not know he was being lured outside and stepped outside to answer the question posed by the Defendants.

49.    After Jyran Mitchell stepped outside, Defendant Dumais grabbed Jyran's left arm, Defendant Reyes grabbed his right arm, and both Defendants began pushing Jyran Mitchell across the yard at 612 Goldenrod Circle to perform what is known as an "emergency takedown."

FILED DATE: 1/29/2020 3:28 PM    2018L011501

50.     While Defendants Dumais and Reyes attempted to throw Jyran Mitchell to the ground, Defendant Bates ran toward Jyran and violently kicked the side of Jyran's knee, which buckled.

51.     Despite Jyran Mitchell not putting up any resistance, the Defendants violently pushed Jyran Mitchell into rocks.

52.     The Defendants grabbed, assaulted, and kicked Jyran Mitchell because he was African-American.

53.     Defendants Dumais, Reyes and Bates lacked probable cause to arrest or detain Jyran Mitchell because they knew or reasonably suspected based on information known to them at the time that there was no 2013 Jaguar present at 612 Goldenrod Circle and that Jyran Mitchell was not Shawn Mitchell according to Secretary of State's driver's database.

54.     Defendants Dumais and Reyes were not acting within the scope of any possible authority that they could have possessed in luring a young African-American out of his home and grabbing and violently assaulting him.

55.     Defendants Dumais, Reyes and Bates committed intentional torts against Jyran Mitchell and engaged in deliberate wrongdoing in grabbing and violently assaulting Jyran.

56.     An employee of the State of Illinois is not permitted to violently assault citizens of the State by luring them out of their homes, and illegal assaults are not within an employee's the scope of employment.

FILED DATE: 1/29/2020 3:28 PM 2018L011501

57.     It is not normal or an official function of Defendants Dumais and Reyes to lure African-Americans out of their homes and assault them.

58.     Defendants Dumais and Reyes had no authority to attack Jyran simply because he is African-American and resided at 612 Goldenrod Circle.

59.     Defendants Dumais' and Reyes' conduct in assaulting Jyran Mitchell was willful and wanton and motivated by personal animus because Dumais felt personally slighted by Shawn Mitchell.

60.     Defendants Dumais' and Reyes' acts were so outrageous as to be incompatible with the performance of any duties as a state official.

61.     There is a separate and independent duty imposed upon every person in Illinois, including Defendants Dumais and Reyes, not to lure young African-Americans out of their homes and attack them.

62.     Defendants lacked justification and cause to attack and seize Jyran Mitchell because Jyran was lawfully sitting at home having committed no crime until he was battered by the Defendants.

63.     After getting Jyran down onto the ground, the Defendants pulled Jyran Mitchell up and took him to one of the Defendants' vehicles.

64.     As they were going to the vehicle, Jyran Mitchell begged the Defendants to look at the Malibu, which was not a Jaguar, and to check his license, which showed his name.

65.     After getting into the car, Defendants entered information into a laptop, and the Defendants then yanked Jyran out of the car and released him.

FILED DATE: 1/29/2020 3:28 PM    2018L011501

66.     Defendants were aware that they had acted unreasonably and improperly in violently seizing Jyran Mitchell based solely on his race.

67.     No one could have confused a 2013 Jaguar with a 2017 Chevrolet Malibu, and Defendants were aware that the 2013 Jaguar was not present at the residence.

68.     Defendants agreed, upon information and belief, to cover up their improper conduct by creating false reports.

69.     Defendant Bates intentionally authored a false police report, intentionally omitting facts that showed the officers had physically assaulted Jyran without probable cause, and by creating new assertions out of whole cloth to justify their actions.

70.     As a result of the Defendants' violent takedown, Jyran suffered a torn meniscus in his knee, which required surgery and extensive rehabilitation.

71.     Because of Defendants' actions, Jyran's knee will never be the same.

72.     Jyran missed the final two months of his senior basketball season, and missed the entire track and field season, during which he had hoped to help defend his school's state title in the 4 x 100 relay.

73.     Jyran's injuries also impacted his college options and opportunities to play college football.

74.     Prior to Defendants' violent takedown and injury to Jyran's knee, Jyran had a number of opportunities to play college football.

75. As a result of Defendants' violent takedown and injury to Jyran's knee, Jyran was forced to begin his collegiate football career as a "red shirt," meaning that he was ineligible to play in certain games.

76. Prior to Jyran's encounter with the Defendants, he had prospects beyond college, including playing football professionally.

77. The injury caused by Defendants to Jyran's knee, which has not yet fully healed, will affect Jyran's prospects for a professional football career.

## COUNT I
## FALSE ARREST
(against Bates)

78. Paragraphs 1-76 are incorporated herein.

79. There was no justification or cause to seize Jyran Mitchell on February 2, 2018.

80. The vehicle and the person that Defendants were looking for was not present at the residence.

81. Defendants were informed and were aware that Jyran Mitchell was not the person that they were seeking.

82. Despite the justification, Defendant Bates seized Jyran Mitchell seized and assaulted Jyran Mitchell.

83. Defendant Bates did not have probable cause, a reasonable suspicion, based on articulable facts, that Jyran was involved in criminal activity.

84. Defendant Bates seized Jyran without any legal justification and that seizure was unreasonable under the circumstances.

FILED DATE: 1/29/2020 3:28 PM    2018L011501

FILED DATE: 1/29/2020 3:28 PM 2018L011501

85.     There were no exigencies that existed at the time that warranted seizing Jyran Mitchell.

86.     Defendant Bates seized Jyran based solely on his race, (*i.e.*, African-American).

87.     Defendant Bates knew at the time that a persons' race, alone, is not a valid or legal basis to size someone.

88.     Defendant Bates violated Jyran's rights in seizing him without cause.

89.     As a direct and proximate cause of Defendant Bates' conduct, Jyran suffered severe pecuniary damages, including severe physical and emotional pain and suffering, humiliation, loss of liberty, loss of normal life, impairment of future employment, medical expenses, lost income, mental anguish, and emotional distress and damage.

**WHEREFORE**, Plaintiff Jyran Mitchell, prays for judgment against the Defendant Dominic Bates in an amount in excess of $50,000, and for an award of costs and such other and further relief as deemed just and equitable under the circumstances.

## COUNT II
## FALSE ARREST[1]
(against Dumais and Reyes)

90.     Paragraphs 1-76 are incorporated herein.

91.     Defendants Dumais and Reyes unjustifiably and unlawfully seized Jyran.

92.     Jryan Mitchell was at home minding his own business when he was lured outside of his home and seized by Defendants Dumais and Reyes.

93.     Defendants Dumais and Reyes illegally seized Jyran based solely on his race (*i.e.*, African-American).

94.     Defendants Dumais and Reyes knew at the time that a persons' race is not a valid or legal basis to size someone.

95.     Defendants Dumais and Reyes grabbed and took Jyran to one of their vehicles.

96.     Defendants Dumais and Reyes acted in violation of Illinois law and federal law, and without any authority in seizing Jyran based solely on his race.

97.     Defendants Dumais and Reyes seizure of Jyran and the corresponding injuries inflicted was done unlawfully and without reasonable cause.

98.     As a direct and proximate cause of Defendants Dumais' and Reyes' conduct, Jyran suffered severe pecuniary damages, including severe physical and emotional pain and suffering, humiliation, loss of liberty, loss of normal life,

---

[1] To the extent certain claims against certain parties have been dismissed with prejudice with no ability to replead, Plaintiff repleads for purposes of preservation. *See Bonhomme v. St. James*, 2012 IL 112393, ¶ 26 n.1.

FILED DATE: 1/29/2020 3:28 PM    2018L011501

FILED DATE: 1/29/2020 03:28 PM 2018L011501

impairment of future employment, medical expenses, lost income, mental anguish, and emotional distress and damage.

**WHEREFORE**, Plaintiff Jyran Mitchell prays for judgment against Defendants Matthew Dumais and Eduardo Reyes, jointly and severally, in an amount in excess of $50,000, and for an award of costs and such other and further relief as deemed just and equitable under the circumstances.

## COUNT III
### CONSPIRACY
(against Dumais, Reyes, and Bates)

99. Paragraphs 1-76 are incorporated herein.

100. Defendants met at Jyran's residence looking for a 2013 Jaguar and Shawn Mitchell.

101. Defendants determined that there was no 2013 Jaguar present.

102. Defendants nevertheless attacked and seized Jryan Mitchell because he was an African-American male at the residence.

103. Defendants subsequently realized that they seriously injured Jyran Mitchell in the course of their attack.

104. Defendants thereafter, conspired to justify cover up the assault of Jyran Mitchell.

105. Defendants acted in concert with each other to intentionally deprive Plaintiff of his constitutional rights.

106.    Defendants, upon information and belief, agreed to falsify reports and give false and misleading information to investigators to avoid the repercussions of assaulting and violating Jyran's rights.

107.    In furtherance of that conspiracy, Defendant Bates filed a false report omitting unfavorable facts and falsely describing what occurred.

108.    The misconduct described herein was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff.

109.    As a direct and proximate cause of the above-described wrongful infringement of his rights, Jyran has suffered severe pecuniary damages, including severe physical and emotional pain and suffering, humiliation, loss of liberty, loss of normal life, impairment of future employment, medical expenses, lost income, mental anguish, and emotional distress and damages.

**WHEREFORE**, Plaintiff Jyran Mitchell prays for judgment against the individual Defendants Matthew Dumais, Eduardo Reyes, and Dominic Bates, jointly and severally, in an amount in excess of $50,000, and for an award of costs and such other and further relief as deemed just and equitable under the circumstances.

### COUNT IV
### BATTERY
(against Bates, Dumais, and Reyes)

110.    Paragraphs 1-76 are incorporated herein.

111.    Defendants intentionally made offensive bodily contact against Jyran, and inflicted bodily harm to him.

112.   Defendants' bodily contact with Jyran was intentional, unauthorized, and offensive.

113.   Defendants lacked justification to engage in bodily contact with Jyran.

114.   Defendants' bodily contact with Jyran was willful, malicious, in reckless disregard for, deliberatively indifferent to and/or callously indifferent to Jyran's rights.

115.   Plaintiff was physically harmed when all three Defendants aggressively grabbed him, twisted both arms, wrenched his shoulder, pushed his face down into the ground, and then kicked out his knee.

116.   There were no circumstances that existed at the time that warranted the justified and unreasonable force used against Jyran by Defendants.

117.   As a direct and proximate cause of the battery, Jyran was injured, including but not limited to physical injuries, and severe pecuniary damages, including severe physical and emotional pain and suffering, humiliation, loss of liberty, loss of normal life, impairment of future employment, medical expenses, lost income, mental anguish, and emotional distress and damage.

**WHEREFORE**, Plaintiff Jyran Mitchell prays for judgment against the Defendants Dominic Bates, Matthew Dumais, and Eduardo Reyes, jointly and severally, in an amount in excess of $50,000, and for an award of costs and such other and further relief as deemed just and equitable under the circumstances.

FILED DATE: 1/29/2020 3:28 PM 2018L011501

### COUNT V
### 42 U.S.C. § 1983 - EXCESSIVE FORCE
(against Dumais, Reyes, and Bates)

118.    Paragraphs 1-76 are incorporated herein.

119.    Defendants Dumais, Reyes, and Bates were purporting to act under color of law.

120.    Defendants Dumais, Reyes, and Bates, without provocation, used excessive, unnecessary, and/or unreasonable force against Jyran Mitchell in violation of his rights under the United States Constitution.

121.    Defendants' actions and level of force used by Defendants was excessive considering that the issue the brought them to the residence was a minor traffic/vehicle related infraction.

122.    Defendant Dumais', Reyes', and Bates' conduct was intentional, willful, malicious, in reckless disregard for, deliberatively indifferent to and/or callously indifferent to Jyran Mitchell's constitutional rights under the Fourth Amendment of the United States Constitution.

123.    As a result of the Dumais', Reyes', and Bates' unjustified and excessive use of force, Jyran Mitchell suffered injuries of a personal and pecuniary nature.

**WHEREFORE**, Plaintiff, Jryan Mitchell, prays for entry of a judgment against Defendants Dumais, Reyes, and Bates, for compensatory damages in a fair and just amount, and for such other and further relief as this Court deems equitable and just.

FILED DATE: 1/29/2020 3:28 PM    2018L011501

## COUNT VI
## 42 U.S.C. § 1983 – FAILURE TO INTERVENE
(against Dumais, Reyes, and Bates)

124.    Paragraphs 1-76 are incorporated herein.

125.    Defendants Dumais, Reyes, and Bates were purporting to act under color of law.

126.    During the constitutional violations described above, Defendants Bates stood by without intervening to prevent Defendants Dumais and Reyes from luring Jyran Mitchell out of the house to assault him.

127.    During the constitutional violations described above, Defendants Dumais and Reyes stood by without intervening to prevent Defendant Bates from kicking Jyran Mitchell.

128.    As a result of this failure to intervene to prevent the violation of Jyran Mitchell's constitutional rights, Jyran Mitchell suffered pain and injury, as well as emotional distress.

129.    Defendants Dumais, Reyes, and Bates had a reasonable opportunity to prevent these harms, but failed to do so.

130.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Jyran Mitchell's constitutional rights under the Fourth Amendment of the United States Constitution.

131.    The actions or inaction of Dumais, Reyes, and Bates, in failing to intervene and protect Jyran Mitchell from excessive, unreasonable and unjustifiable force, despite the duty and opportunity to do so, violated the rights of Jyran Mitchell

under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of his injuries described above.

132. As a direct and proximate result of Defendants Dumais', Reyes', and Bates' aforementioned intentional conduct, Jyran Mitchell suffered serious injuries of a personal and pecuniary nature, including but not limited to great physical, mental, and/or emotional pain and suffering.

**WHEREFORE**, Plaintiff, Jryan Mitchell, prays for entry of a judgment against Defendants Dumais, Reyes, and Bates, for compensatory damages in a fair and just amount, and for such other and further relief as this Court deems equitable and just.

**COUNT VII**
**INDEMNIFICATION**
(against the Village of Matteson)

133. Paragraphs 1-76 are incorporated herein.

134. During the relevant times, the Village of Matteson employed Defendant Bates as a police officer.

135. The acts alleged herein were committed by Defendant Bates as an agent for or in the scope of his employment with the Village of Matteson.

136. Illinois law (745 ILCS § 10/9-102) provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

FILED DATE: 1/29/2020 3:28 PM    2018L011501

**WHEREFORE**, should Defendant Bates be found liable on one or more of the claims set forth above, Plaintiff Jyran Mitchell prays that, pursuant to 745 ILCS 10/9-102, the Defendant Village of Matteson be held liable for and pay any judgment against said Defendant, as well as attorneys' fees and costs awarded, and for any additional relief this Court deems just and proper.

**COUNT VIII**
**RESPONDEAT SUPERIOR**
(against the Village of Matteson)

137.     Paragraphs 1-76 are incorporated herein.

138.     Defendant Bates was employed by the Village of Matteson.

139.     To the extent Defendant Bates was or is found to have been acting within the scope of his authority, the Village of Matteson is liable for his actions.

**WHEREFORE**, if Defendant Bates is found liable under the circumstances set forth in this Count, Plaintiff demands that Defendant Village of Matteson be found liable for any judgment obtained.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all claims so triable.

**PLAINTIFF JYRAN MITCHELL,**

By:  /s/Devlin J. Schoop
    One of his Attorneys

Victor P. Henderson
Devlin J. Schoop
**THE COCHRAN FIRM – CHICAGO**
140 S. Dearborn St., Suite 1020
Chicago, Illinois 60603
Tel. (312) 262-2880
vhenderson@cochranfirm.com
dschoop@cochranfirm.com
Firm No. 62288

FILED DATE: 1/29/2020 3:28 PM    2018L011501

## RULE 222 AFFIDAVIT

Plaintiff, pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, certifies as follows:

The total of money damages being sought in the Amended Complaint filed against the Defendant exceeds $50,000.00, exclusive of costs, interest, fees, and punitive damages.

/s/Devlin J. Schoop

FILED DATE: 1/29/2020 11:28 AM    2018L011501

## CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that on **January 29, 2020**, a copy of the **Second Amended Complaint** was served by electronic mail upon the following counsel:

Michael J. McGrath
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, Illinois 60805
mmcgrath@odelsonsterk.com

Daniel Berkowitz
Emma Steimel
Illinois Attorneys General
100 W. Washington, Floor 13
Chicago, Illinois 60601
dberkowitz@atg.state.il.us
esteimel@atg.state.il.us

/s/Devlin J. Schoop