# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JYRAN MITCHELL,<br><br>                            Plaintiff,<br><br>      v.<br><br>VILLAGE OF MATTESON, OFFICER DOMINIC BATES, ILLINOIS STATE TROOPER MATTHEW DUMAIS, in his individual capacity; and ILLINOIS STATE TROOPER EDUARDO REYES, in his individual capacity,<br><br>                           Defendants. | Case No.: 1:20-cv-00990<br><br>Judge Manish S. Shah<br><br>Magistrate Judge Young B. Kim |

## THE STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, Illinois State Police Trooper Matthew Dumais ("Trooper Dumais") and Illinois State Police Trooper Eduardo Reyes ("Trooper Reyes") (collectively, the "State Defendants"), by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, in support of their Motion for Partial Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, state the following:

## INTRODUCTION

In this case, the Plaintiff, Jyran Mitchell (the "Plaintiff" or "Jyran"), alleges various state and federal law claims against the State Defendants. This Motion specifically addresses the state-law claims made by Plaintiff. In the Second Amended Complaint, Plaintiff alleges claims of False Arrest (Count II), Civil Conspiracy (Count III), and Battery (Count IV). (State Defendants' Statement of Undisputed Material Facts, Ex. A at ¶¶ 90–117). On June 6, 2020, this Court dismissed Count III of the Second Amended Complaint against the State Defendants, finding that

1

Plaintiff had not properly alleged a claim for Civil Conspiracy against the State Defendants. [Dkt. No. 33, p. 16–17]. The State Defendants move for Summary Judgment as to the two remaining state-law claims because sovereign immunity bars these claims. *Parmar v. Madigan*, 2018 IL 122265, ¶¶ 26–27 (Recently decided case reaffirming sovereign immunity's application to cases in which a plaintiff seeks damages from a State agent for past legal wrongs, rather than seeking to enjoin future unauthorized conduct). Because the Plaintiff cannot maintain his remaining state-law causes of action for False Arrest and Battery against the State Defendants, those claims should be dismissed from this case with prejudice.

## **FACTUAL BACKGROUND**

On February 2, 2018, Trooper Dumais and Trooper Reyes were on duty, working as Illinois State Police Troopers, patrolling I-294. (State Defendants' Statement of Undisputed Material Facts, ¶¶ 8–9). On February 2, 2018, Trooper Dumais pulled over a black 2013 Jaguar on I-294, for speeding and driving erratically. *Id.* at ¶ 10. As Trooper Dumais exited his vehicle and approached the Jaguar, it fled the traffic stop. *Id.* at ¶ 11. After the Jaguar fled, Trooper Dumais ran the license plate and discovered that it was registered to Shawn Mitchell, and to the address of 612 Goldenrod Circle in Matteson, Illinois (the "Mitchell residence"). *Id.* at ¶ 12. Trooper Dumais also viewed Shawn Mitchell's driver's license picture on the state driver's license database. *Id.* at ¶ 13. Trooper Dumais proceeded to the Mitchell residence to find the Jaguar, where he was joined by Officer Bates, and, eventually, Trooper Reyes. *Id.* at ¶ 14. When Trooper Dumais arrived at 612 Goldenrod Circle, he observed a black car in the driveway. *Id.* at ¶ 15.

Trooper Dumais and Officer Bates proceeded to the porch of the Mitchell residence and spoke with another resident, Carolyn Mitchell, while searching for their suspect, Shawn Mitchell. *Id.* at ¶ 16. Plaintiff, who is Shawn Mitchell's brother, appeared at the door during the conversation

with Ms. Mitchell. *Id.* at ¶ 17. During the course of the conversation in the doorway, Plaintiff stepped out of the Mitchell residence. *Id.* at ¶ 18. After the Plaintiff stepped outside, Trooper Dumais and Officer Bates, believing that Plaintiff was his brother, restrained Plaintiff and put him in handcuffs. *Id.* at ¶ 19. While he was being restrained and put in handcuffs, Plaintiff alleges Officer Bates kicked the side of his knee, which buckled. *Id.* at ¶ 20. Plaintiff does not allege that Trooper Dumais or Trooper Reyes kicked his knee at any time. *Id.*

After Plaintiff was handcuffed, Trooper Dumais and Officer Bates took Plaintiff to Trooper Dumais' vehicle. *Id.* at ¶ 21. Trooper Reyes arrived at the Mitchell residence after Plaintiff was handcuffed, as he was being walked to one of the police vehicles. *Id.* at ¶ 22. As Plaintiff was sitting in Trooper Dumais' vehicle, the State Defendants continued their investigation into the identity of Shawn Mitchell and Jyran Mitchell. *Id.* at ¶ 23. This included entering information into a police laptop. *Id.* After the State Defendants confirmed Plaintiff was not his brother or the registered owner of the Jaguar that had fled earlier, Plaintiff was released from Trooper Dumais' vehicle, the handcuffs were removed, and he was allowed to go free. *Id.* at ¶ 24.

Count II of the Second Amended Complaint is labeled "False Arrest," directed at the State Defendants. (State Defendants' Statement of Undisputed Material Facts, Ex. A at ¶¶ 90–98). Count II alleges the State Defendants lacked "authority" or "reasonable cause" to seize the Plaintiff. *Id.* An identical claim of False Arrest against the State Defendants in an earlier pleading was dismissed by Judge Allen P. Walker while this case was being litigated in the Circuit Court of Cook County, based on sovereign immunity. (State Defendants' Statement of Undisputed Material Facts, ¶ 25). A footnote attached to the title of Count II seems to acknowledge Judge Walker dismissed "certain claims against certain parties" while this case was in State Court, and that the Plaintiff repleads "for purposes of preservation." (State Defendants' Statement of Undisputed Material Facts, Ex. A

at p. 13, n. 1). The Plaintiff alleges Battery in Count IV, pleading that the State Defendants and Officer Bates "intentionally made offensive bodily contact against Jyran." *Id.* at ¶¶ 110–117. Judge Walker dismissed an identical claim of Battery against the State Defendants in an earlier pleading based on sovereign immunity. (State Defendants' Statement of Undisputed Material Facts, ¶ 25).

Count V and Count VI of the Second Amended Complaint allege separate violations of 42 U.S.C. § 1983 against the State Defendants, and are not the subject of this Motion for Summary Judgment. (State Defendants' Statement of Undisputed Material Facts, Ex. A at ¶¶ 118–132). Count I, Count VII, and Count VIII of the Second Amended Complaint contain claims directed against co-Defendants the Village of Matteson and Officer Bates, and are likewise not addressed in this Motion. *Id.* at ¶¶ 78–89, 133–139.

## ARGUMENT

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.,* 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The party opposing summary judgment may not rest upon the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue of material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland School District,* 743 F.3d 524, 528 (7th Cir. 2014).

4

### I. Sovereign immunity bars the Plaintiff's state-law claims against the State Defendants.

Plaintiff's state-law claims are barred, as a matter of law, by sovereign immunity because they seek to hold the State, through its agents, liable for monetary damages in a forum outside the Illinois Court of Claims. [Dkt. No. 18-1, p. 11–14]. This Court's earlier denial of the State Defendants' Motion to Dismiss relied on federal precedent which applied language from the Illinois Supreme Court's decision in *Leetaru v. Bd. of Trustees of Univ. of Illinois*, 2015 IL 117485. [Dkt. No. 33, p. 10–12]. Since those cases were decided, the Illinois Supreme Court has clarified that the exception to sovereign immunity discussed in *Leetaru*, and expanded by those federal decisions, was meant to apply to cases seeking to prospectively enjoin future unlawful conduct by State agents. *Parmar v. Madigan*, 2018 IL 122265, ¶¶ 19–26. The *Leetaru* exception to sovereign immunity was not intended to apply to state-law claims, such as the Plaintiff's, seeking damages for past legal wrongs committed by agents of the State. *Id*. Therefore, Plaintiff's remaining state-law claims for False Arrest and Battery should be dismissed by this Court pursuant to Illinois law.

####   a. Illinois law concerning sovereign immunity.

Under the Illinois Constitution of 1870, the State of Illinois enjoyed immunity from suits of any kind. Ill. Const. 1870, art. IV, § 26 ("The state of Illinois shall never be made defendant in any court of law or equity."). With the adoption of the Illinois Constitution of 1970, however, sovereign immunity was abolished in Illinois "[e]xcept as the General Assembly may provide by law." Ill. Const. 1970, art. XIII, § 4. "In accordance with this constitutional grant of authority, the General Assembly adopted the State Lawsuit Immunity Act, reinstituting the doctrine of sovereign immunity." *Parmar*, 2018 IL 122265, ¶ 19 (citing *Leetaru*, 2015 IL 117485, ¶ 42). The State Lawsuit Immunity Act prohibits plaintiffs from suing the State "in any court," subject to certain

5

exceptions not applicable here. 745 ILCS 5/1. The Court of Claims Act (705 ILCS 505/1, *et seq.*) creates a forum for actions against the State. *Parmar*, 2018 IL 122265, ¶ 20 (citing *Healy v. Vaupel*, 133 Ill. 2d 295, 307 (1990)). With some limited exceptions (that are not applicable here) the Illinois Court of Claims "shall have exclusive jurisdiction to hear and determine . . . [a]ll claims against the State founded upon any law of the State of Illinois." 705 ILCS 505/8(a).

The Illinois Supreme Court has long held that the determination of whether an action is one against the State depends upon the issues involved and the relief sought—not simply on the formal identification of the parties. *Leetaru*, 2015 IL 117485, ¶¶ 44–45. The "prohibition against making the State of Illinois a party to a suit cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested." *Healy,* 133 Ill. 2d at 308 (1990) (internal quotations omitted). Whether an action is truly against the State depends on the issues presented and the relief sought. *Id*. Under Illinois law, a defendant's conduct will be attributed to the State for purposes of sovereign immunity if:

> (1) [There are] no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) . . . the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State.

*Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001). Even if these criteria are not met, a court may apply the sovereign immunity doctrine if "a judgment for the plaintiff could operate either to control the actions of the State or subject it to liability." *Welch v. Illinois Supreme Court*, 322 Ill. App. 3d 345 (3d Dist. 2001). Sovereign immunity remains intact "for state-law claims pursued in federal court." *Brooks v. Ross*, 578 F.3d 574, 579–80 (7th Cir. 2009).

On the other hand, where, for example, "a plaintiff alleges that the State officer's conduct

6

violates statutory or constitutional law or is in excess of his or her authority, such conduct is not regarded as the conduct of the State." *Parmar*, 2018 IL 122265, ¶ 22. The underlying principle is that conduct taken by a State officer without legal authority strips the officer of his or her official status. *Id.* (citing *Leetaru*, 2015 IL 117485, ¶¶ 45–46). Thus, a complaint seeking to prospectively enjoin such unlawful conduct may be brought in the circuit court without triggering a sovereign immunity bar. *Id.* (citing *Leetaru*, 2015 IL 117485, ¶ 48). This exception to sovereign immunity has been called the "prospective injunctive relief exception," but it is most often referred to as the "officer suit exception." *Id*. In this case, Plaintiff's state-law claims do not fall within this exception to sovereign immunity, because the Plaintiff does not seek to enjoin future unlawful conduct.

    **b.** <u>All three prongs of the *Richman* test are met, meaning sovereign immunity applies to Plaintiff's state-law claims, and they should be dismissed.</u>

Applying the test from *Richman* to the facts of this case, it is clear that sovereign immunity bars Plaintiffs' state-law claims against the State Defendants. As to the first prong, after Judge Walker's previous dismissal of the State Defendants based on sovereign immunity, Plaintiff, in his Second Amended Complaint, made a series of allegations regarding the State Defendants attempting to show that they acted outside the scope of their authority. (State Defendants' Statement of Undisputed Material Facts, Ex. A at ¶¶ 53–62). Plaintiff's new allegations appeared to be an effort by Plaintiff to avoid a sovereign immunity bar. These allegations, though, are legal conclusions that are not entitled to the "presumption of truth" during this Court's analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Now that fact discovery has concluded, the undisputed material facts demonstrate that, at all relevant times, the State Defendants were acting in their official capacity as State employees. (State Defendants' Statement of Undisputed Material Facts, ¶¶ 8–9). Stated in a different way, during the relevant time period,

7

neither State Defendant acted outside the scope of their employment. As to the first prong of the *Richman* test, "[b]ecause sovereign immunity presupposes the possibility of a legal wrong by a state employee, and legal wrongs are, *per se*, unauthorized, the relevant question cannot be whether the employee had authority to commit the legal wrong. Instead, the question is whether the employee intended to perform some function within the scope of his or her authority when committing the legal wrong." *Jackson v. Alverez*, 358 Ill. App. 3d 555, 561 (4th Dist. 2005); *Brooks*, 578 F.3d at 580 (malicious prosecution claim barred by sovereign immunity for state officials, because there are no allegations that the defendant was acting for a purpose unrelated to his employment). In other words, even if a plaintiff alleges that a state defendant committed a tort or legal wrong while executing his duties, sovereign immunity still applies. Here, Plaintiff alleges that the State Defendants committed torts while detaining the Plaintiff, whom they suspected of fleeing the police. (State Defendants' Statement of Undisputed Material Facts, ¶¶ 10–24). Detaining a suspect falls squarely within the scope of the State Defendants' State employment. 725 ILCS 5/107-2(1); *see also Kawaguchi v. Gainer*, 361 Ill. App. 3d 229, 242 (2d Dist. 2005) (State Police troopers are entrusted by the ISP with the duty of policing). Therefore, the first prong of the *Richman* test is met.

The second prong of the test is also satisfied because the duties that the State Defendants allegedly breached arose solely because of their status as State Police employees. The second prong is satisfied when the duty alleged to have been breached by a state employee arose solely out of his state employment. *Brandon v. Bonell*, 368 Ill. App. 3d 492, 505 (2d Dist. 2006); *Grainger v. Harrah's Casino*, 2014 IL App (3d) 130029 at ¶ 26. When considering this question, courts have found that,

[A]n independent duty is a duty imposed by the employee's status as something

8

> other than an employee. For example, professionals employed by the State, such as public defenders and doctors at state hospitals, are not protected by sovereign immunity when they breach a professional duty owed by every member of that profession. Because a professional duty derives from the duty of care imposed by one's status as a professional, this is an independent duty that does not arise solely from one's employment and, thus, a breach is not protected by sovereign immunity.

*Brandon,* 368 Ill. App. 3d at 505–506 (internal citations omitted). "The court must go beyond the simple inquiry of 'whether the employee was acting within the scope of his employment when he committed the act in question,' and instead look to 'the *source of the duty* with the breach of which the employee is charged.'" *Wilson v. Illinois Dep't of Fin. & Prof'l Regulation*, 376 F. Supp. 3d 849, 872 (N.D. Ill. 2019) (quoting *Fritz v. Johnson*, 209 Ill. 2d 302, 310 (emphasis in original)). "Where the duty is imposed solely by virtue of the individual's employment with the state, sovereign immunity attaches." *Id*. In this case, the Plaintiff is clearly alleging that the State Defendants violated a duty solely conferred to them by virtue of their employment as State Troopers. Plaintiff alleges he was falsely arrested and battered by the State Defendants while the State Defendants were detaining him. Non-State Troopers do not have the authority to arrest or detain individuals; only State Troopers, because of their state employment as law enforcement officers, have that authority. Because the wrongdoing alleged by Plaintiffs occurred during an arrest, which the State Defendants were able to do solely because they were acting as State Troopers at the time of the incident, the second prong of the *Richman* test is met.

Finally, the third prong of the *Richman* test is met because the actions Plaintiffs complain of concern matters within the State Defendants' normal functions as State Police employees. Illinois State Police troopers may lawfully arrest a person based on a warrant or on "reasonable grounds to believe that the person is committing or has committed an offense." 725 ILCS 5/107-2(1); *see also Kawaguchi*, 361 Ill. App. 3d at 242. The State Defendants arrested and released the

9

Plaintiff while investigating a crime in which he was identified as a potential suspect, based on police reporting and vehicle registration information. The undisputed material facts establish that the State Defendants placed handcuffs on the Plaintiff and temporarily detained him in their vehicle while verifying his identity. (State Defendants' Statement of Undisputed Material Facts, ¶¶ 19–24). The State Defendants acted entirely within the scope of their State employment during the alleged incident. As discussed above, the mere allegation that a defendant acted in contravention of a law does not automatically defeat sovereign immunity. *Cortright v. Doyle*, 386 Ill. App. 3d 895, 902 (1st Dist. 2008). Courts in this district have found that state-law tort claims are barred by sovereign immunity where the actions that form the basis of the claim are part of the official functions of the defendant as a State employee. *See*, *e.g.*, *Johnson v. Winters,* No. 10 C 5480, 2013 WL 4029114 at *18 (N.D. Ill. Aug. 8, 2013) (dismissing state-law claims against corrections officers because "any duty to protect inmates arises solely from their employment at IDOC, and the normal functions of IDOC employees include protecting inmates from bodily harm").

      **c.** <u>Since *Wheeler* and *Murphy*, the Illinois Supreme Court has clarified that not all alleged violations of statutory or constitutional law fall within an exception to sovereign immunity under Illinois law.</u>

As stated earlier, in *Leetaru v. Bd. of Trustees of Univ. of Illinois*, the Illinois Supreme Court held that the sovereign immunity doctrine does not apply "when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority." *Leetaru*, 2015 IL 117485, ¶ 50. From this language, the Seventh Circuit then concluded that the officer suit exception "discussed in *Leetaru* applies broadly to all cases in which state defendants allegedly violate statutory or constitutional law." *Wheeler v. Piazza*, 364 F. Supp. 3d 870, 885–86 (N.D. Ill. Mar. 5, 2019) (citing *Murphy v. Smith*, 844 F.3d 653, 659 (7th Cir. 2016)). This Court previously

cited to Judge Dow's decision in *Wheeler*, and the Seventh Circuit's decision in *Murphy*, in its order denying the State Defendants' sovereign immunity argument made in their Motion to Dismiss. [Dkt. No. 33, p. 10–12]. Those federal opinions, though, did not take into account that since the Seventh Circuit's decision in *Murphy*, the Illinois Supreme Court has clarified that the officer suit exception to state law sovereign immunity, assuming the *Richman* factors are met, applies *only* when the plaintiff seeks to enjoin future conduct, not when the plaintiff seeks damages, as in this case.

In *Parmar v. Madigan*, 2018 IL 122265, the Illinois Supreme Court clearly stated that a complaint seeking damages for a past wrong does not fall within the officer suit exception to sovereign immunity: "*Leetaru* makes plain that a complaint seeking damages for a past wrong does not fall within the officer suit exception to sovereign immunity." *Id.* at ¶ 26. Subsequent federal court opinions and state court opinions have since recognized this dimension of Illinois sovereign immunity law. "However, in *Parmar* . . . , the Illinois Supreme Court held that this exception applies when the plaintiff seeks to enjoin future conduct, not when the plaintiff seeks damages." *Hyzy v. Bellock*, No. 3:18-CV-3093, 2019 WL 1781400, at *4 (C.D. Ill. Apr. 23, 2019). "A suit against an officer or agent of the State may avoid the sovereign-immunity bar only if the lawsuit seeks to *enjoin future conduct* by the State agent. Here, plaintiffs do not seek to enjoin defendants' future conduct. Their complaint only seeks monetary damages for past actions of State agents . . . . The bar of sovereign immunity remains." *Giovenco-Pappas v. Berauer*, 2020 IL App (1st) 190904, ¶¶ 36–37 (citing *Parmar*, 2018 IL 122265, ¶ 26) (emphasis in original).

Thus, the officer suit exception to sovereign immunity is equivalent to the *Ex parte Young* doctrine in federal court, in that it permits an official-capacity lawsuit to enjoin future conduct, but does not allow suits for damages. *Parmar*, 2018 IL 122265, ¶¶ 26–27 (citing *Leetaru*, 2015 IL

11

117485, ¶¶ 50–51). As Plaintiffs' suit in this case is solely for damages, the officer suit exception to state law sovereign immunity does not apply here and judgment must be entered for the State Defendants as to Plaintiff's state law False Arrest and Battery claims. Those claims should be dismissed, with prejudice. *See Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 868–69 (7th Cir. 2013) (courts may deny leave to amend if futile).

## CONCLUSION

All three parts of the *Richman* test are met, and the Plaintiff is not seeking to enjoin future conduct of the State Defendants. Therefore, Plaintiff's state-law claims against the State Defendants are barred by sovereign immunity. Based on the foregoing, this Court should dismiss with prejudice the remaining state-law claims of the Second Amended Complaint directed the State Defendants, Count II for False Arrest and Count IV for Battery.

WHEREFORE, State Defendants, Illinois State Trooper Matthew Dumais and Illinois State Trooper Eduardo Reyes, respectfully request that this Court enter an order granting their Motion for Partial Summary Judgment, dismissing Count II and Count IV, and for any other and further relief this Court deems appropriate.

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois

/s/ Daniel J. Berkowitz
Daniel J. Berkowitz
Assistant Attorney General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3649
dberkowitz@atg.state.il.us

## **CERTIFICATE OF SERVICE**

  Under penalties as provided by law pursuant to applicable rules of civil procedure and local rules, the undersigned certifies that he caused a copy of the foregoing, and all attached exhibits, to be served upon the parties and/or counsel listed below via electronic service through the court's electronic filing system and/or e-mail at or before 5:00 p.m. on November 19, 2020.

                    /s/ Daniel J. Berkowitz

| Counsel for Plaintiff:<br><br>Victor P. Henderson<br>Devlin J. Schoop<br>THE COCHRAN FIRM<br>140 S. Dearborn – Suite 1020<br>Chicago, Illinois 60603<br>vhenderson@cochranfirm.com<br>dschoop@cochranfirm.com | Counsel for Defendants Village of Matteson and Matteson Police Officer Dominic Bates<br><br>Michael J. McGrath<br>ODELSON, STERK, MURPHEY, FRAZIER & MCGRATH, LTD.<br>3318 West 95th Street<br>Evergreen Park, IL 60805<br>mmcgrath@osmfm.com |
|---|---|