UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JYRAN MITCHELL,

    Plaintiff,

  v.

MATTHEW DUMAIS and EDUARDO REYES,

    Defendants.

No. 20 CV 990

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Illinois State Troopers Matthew Dumais and Eduardo Reyes and local police officer Dominic Bates visited Jyran Mitchell's house after a black 2013 Jaguar, registered to Mitchell's brother, fled a traffic stop. Dumais and Bates restrained and handcuffed Mitchell even though he posed no threat. The parties dispute Reyes's involvement in the incident and whether Bates kicked Mitchell's knee. Mitchell sued the three law enforcement officers and the Village of Matteson for violations of his federal civil rights and state-law torts. I granted in part and denied in part the defendants' motion to dismiss. Now Dumais and Reyes move for partial summary judgment on the narrow issue of state sovereign immunity. Because there is a material dispute about whether Dumais and Reyes acted in excess of their authority, their motion is denied.

**I.    Legal Standard**

A party moving for summary judgment must show that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). In other words, the movant must show that a reasonable jury could not return a verdict for the nonmovant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), or that the nonmovant has failed to establish an essential element of his claim and could not carry his burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and reasonable inferences are drawn in the nonmoving party's favor. *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). At this stage in the case, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw. *Id.*

**II.   Facts**

While patrolling Interstate 294, Illinois State Trooper Matthew Dumais pulled over a black 2013 Jaguar for speeding and driving erratically. [57] ¶¶ 4–5, 8, 10.[1] It was night and Dumais could only see the driver's face "slightly" through the car's tinted windows. [61] ¶ 4. When Dumais got out of his vehicle to approach the Jaguar, the driver drove away. [57] ¶ 11. Since the driver had not committed a forcible felony, Illinois State Police Rules prohibited Dumais from pursuing the fleeing Jaguar. [61] ¶ 6. Dumais ran the license plate number and learned that the Jaguar was registered to Shawn Mitchell. [57] ¶¶ 12. Dumais viewed Shawn Mitchell's driver's license in the state database and assumed he was the driver that fled the traffic stop. [57] ¶ 13; [61] ¶ 5.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are from the CM/ECF header placed at the top of filings. Facts are largely taken from responses to the parties' statements of material facts, where the original facts and responses are in one document. [57]; [61].

Dumais radioed for assistance and proceeded to the Mitchell residence, where he met Officer Dominic Bates, a police officer for the Village of Matteson. [57] ¶¶ 2–3, 14; [61] ¶ 7. The officers did not see a black 2013 Jaguar outside the residence. [61] ¶ 8. A black 2017 Chevy Malibu was in the driveway. [57] ¶ 15. Carolyn Mitchell, grandmother to brothers Shawn and Jyran Mitchell, answered the door. [61] ¶¶ 12, 16. Because the officers did not have a warrant or consent to search the Mitchell residence, Dumais and Bates stood on the porch while talking to Carolyn. [57] ¶ 16; [61] ¶¶ 11–12, 17.[2] Dumais asked to speak with Shawn, and Carolyn said that Shawn was not at home. [61] ¶ 13. Jyran was home and joined his grandmother at the doorway. [57] ¶ 17; [61] ¶¶ 1, 14. According to Dumais, he mistook Jyran for Shawn. [57] ¶ 19. According to Jyran, Dumais pointed at Jyran and accused him of being his brother Shawn and driving the Jaguar. [61] ¶ 15. Dumais did not recall saying that. [61] ¶¶ 15–16. Dumais never asked Jyran for identification during their conversation at the doorway. [61] ¶ 19.

Bates said that Dumais invited Jyran to step outside the residence to view dashcam video of the traffic stop involving the Jaguar. [61] ¶ 18. At no point did Jyran pose a threat to law enforcement. [61] ¶ 26. But when Jyran stepped outside the doorway, Dumais and Bates immediately restrained Jyran and put him in handcuffs. [57] ¶¶ 18–19. According to Jyran, Bates kicked the side of his knee, which Bates disputes. [57] ¶ 20; [61] ¶¶ 20–21, 25. Jyran also said that he repeatedly told the

---

[2] Because the Mitchells share the same last name and to avoid confusion, I occasionally use first names when referring to them.

3

officers that he was not resisting. [61] ¶ 20. Dumais and Bates put Jyran in the back of Dumais's vehicle. [57] ¶ 21; [60] ¶ 21. The parties dispute Illinois State Trooper Eduardo Reyes's involvement. [57] ¶¶ 4–5, 9, 14, 22. Reyes said that he arrived after Jyran had been handcuffed and as Dumais and Bates were walking Jyran to Dumais's vehicle. [57] ¶¶ 14, 22. Jyran and Carolyn state that Reyes was there when Dumais accused Jyran of being Shawn and helped to restrain and handcuff Jyran. [57] ¶¶ 14, 22; [61] ¶ 16.

While in the back of Dumais's vehicle, Jyran pleaded with Dumais to run the plates of the car parked in the driveway. [61] ¶ 21. Dumais entered Jyran's name into a police database and confirmed that Jyran was the registered owner of the black 2017 Chevy Malibu and not the black 2013 Jaguar. [57] ¶¶ 23–24; [61] ¶ 21. According to Jyran, Dumais said, "oh shit, we have the wrong person." [61] ¶ 22. The officers removed the handcuffs and released Jyran. [57] ¶ 24. Jyran said that the officers then told him to bring some identification, and he responded that he would not comply until his father arrived. [61] ¶ 23. After releasing Jyran, Dumais touched the hood of the black 2017 Chevy Malibu and determined that the car was not warm from recent use. [61] ¶ 9.

Jyran sued Dumais, Reyes, Bates, and the Village of Matteson in Cook County Circuit Court for false arrest, civil conspiracy, battery, and indemnification. [1-1]. After filing an amended complaint, [1-3], the state court judge granted Dumais and Reyes's motion to dismiss Jyran's state-law claims based on state sovereign immunity. [53-12]. Jyran filed a second amended complaint, realleging his state-law

4

claims and adding two claims under Section 1983 of the Civil Rights Act of 1871 for excessive force and failure to intervene. [1-4]. The defendants removed the case to federal court, [1], and filed a motion to dismiss. [18]. I dismissed the civil conspiracy claim and allowed the remaining claims to proceed. [33]. Dumais and Reyes filed this motion for partial summary judgment to dismiss the state-law claims against them based on Illinois sovereign immunity. [53].

### III. Analysis

Generally, the State of Illinois cannot be made a defendant or party in any court. 745 ILCS § 5/1.[3] For claims based in tort, contract, or state law, the state legislature limited lawsuits against the state to one court, the Illinois Court of Claims. 705 ILCS § 505/8. However, state employees may be sued in Illinois Circuit Court if the underlying conduct is not attributable to the state. *Leetaru v. Board of Trustees of University of Illinois*, 2015 IL 117485, ¶ 44.[4] To determine which court has proper jurisdiction, courts must analyze whether the plaintiff's lawsuit "is in fact one against the State." *Id.* ¶ 45. What matters is the substance of the claim, including the issues involved and the relief sought, not just the formal identification of the parties. *Id.*[5] When the defendants are state employees or officers, the key question is

---

[3] This legislative grant of sovereign immunity is meant to protect the state from interference in its performance of government functions and to preserve its control over state funds. *Ellis v. Board of Governors of State Colleges & Universities*, 102 Ill.2d 387, 390 (1984).

[4] State immunity rules apply to state-law claims in federal court. *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001); *Murphy v. Smith*, 844 F.3d 653, 658 (7th Cir. 2016).

[5] This approach prevents plaintiffs from naming individual employees as defendants to avoid sovereign immunity and defendants from using the title of a state agency or department to shield themselves from suit. *Leetaru v. Board of Trustees of University of Illinois*, 2015 IL 117485, ¶ 45.

5

whether they acted in excess of their authority. *See Parmar v. Madigan*, 2018 IL 122265, ¶ 25. When the conduct at issue occurs while carrying out an official state function, courts evaluate whether the duty alleged to have been breached arose by virtue of the officer's state employment or independently. *See id.* ¶ 25; *Currie v. Lao*, 148 Ill.2d 151, 159–60 (1992); *Fritz v. Johnston,* 209 Ill.2d 302, 312 (2004). Actions taken without legal authority strip the state officers of their official status, *Leetaru*, 2015 IL 117485, ¶ 46, and plaintiffs may sue them in circuit court in their individual capacities. *See Fritz*, 209 Ill.2d at 308–19; *Murphy v. Smith*, 844 F.3d 653, 659, n.2. (7th Cir. 2016).

Mitchell accuses the state troopers of battery. The duty not to commit battery is independent of a state trooper's employment. *See Fritz*, 209 Ill.2d at 314 (the Illinois Criminal Code imposes the duty not to engage in criminal conduct on everyone, not just state employees); *Murphy*, 844 F.3d at 660 (the criminal offense of battery strips the conduct of its state authority); *Rideaux v. Winter*, 2020 IL App (1st) 190646, ¶ 12 (holding that a professor's duty not to commit battery was independent of his state employment, and allowing a suit for damages to proceed). The parties dispute material facts about if or how the state troopers battered Mitchell, like whether Mitchell repeatedly said he was not resisting and whether Reyes was even involved. [57] ¶¶ 4–5, 9, 14, 22; [61] ¶¶ 16, 20.[6] Moreover, this disputed conduct also

---

[6] The parties agree that Mitchell did not pose a threat, [61] ¶ 26, permitting an inference that physical contact was unreasonable and unnecessary based on the undisputed facts. The parties do dispute whether the state troopers had a reasonable belief that Mitchell had committed a crime in order to arrest him. [57] ¶ 19.

makes up Mitchell's excessive-force claim. While officers are entrusted with the duty of policing, 725 ILCS § 5/107-2, they exceed their authority when they violate the Fourth Amendment to make an arrest. *See Carter v. SSC Odin Operating Co., LLC*, 237 Ill.2d 30, 39 (2010) (the federal constitution preempts state law) (citing U.S. Const., art. VI, cl.2); *Murphy*, 844 F.3d at 660 (sovereign immunity does not apply to claims involving violations of the United States Constitution). Using excessive force is unrelated to a state trooper's duties while investigating a non-violent, misdemeanor traffic offense, where the plaintiff posed no threat. The facts underlying the statutory and constitutional violation—that the state troopers battered Mitchell and used excessive force—ground Mitchell's state-law claims of battery and false arrest. *See Fritz*, 209 Ill.2d at 308–19 (allegations of state criminal conduct overcame sovereign immunity bar, permitting state-law tort claims of civil conspiracy and economic interference); *Murphy*, 844 F.3d at 659 (the plaintiff's state-law claims do not have to depend on the constitutional or statutory violation). Because there is a material dispute about whether Dumais and Reyes committed acts that were not part of their lawful duties, they cannot establish that they are entitled to judgment as a matter of law on their defense of sovereign immunity.[7]

*Parmar* doesn't change the sovereign immunity test. Regardless of the type of violation alleged (tort, statutory, constitutional), what matters for determining whether the claim is against the state is the source of the duty breached. *See* 2018 IL

---

[7] The defendants cite the state court's dismissal of Mitchell's state-law claims for persuasive, non-binding authority. *See* [53-12]. But based on the record developed at summary judgment, the defendants are not entitled to judgment as a matter of law.

122265, ¶ 25 (the state defendants did not act outside of or contrary to their statutory duty to administer and enforce an estate tax). Here, there is a material dispute about whether Mitchell's claim is against the state, because Mitchell might establish a breach of a general duty. And even though Dumais and Reyes were on the job, a judgment for Mitchell would not operate to control the actions of the state or subject it to liability, *see Currie*, 148 Ill. 2d at 158, because it would presuppose a finding that the troopers committed battery or used unconstitutional excessive force, which violates the duty of policing. *See e.g. People v. Sims*, 374 Ill.App.3d 427, 432 (3rd Dist. 2007) (Illinois law prohibits officers from using unlawful force). Mitchell raises a material dispute about whether Dumais and Reyes acted within their authority, so his state-law claims survive summary judgment.

### IV. Conclusion

Dumais and Reyes's motion for partial summary judgment, [53], is denied. The parties' status report is due April 27, 2021.

ENTER:

/s/ Manish S. Shah
Manish S. Shah
United States District Judge

Date: March 8, 2021